300017787

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LUCAS HORTON,<br>Plaintiff,<br><br>v.<br><br>Molina Healthcare Of Texas, Inc<br>Defendant<br><br>John Doe Company<br>Defendant | §<br>§<br>§<br>§    3-25CV1206-X<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint Molina Healthcare Of Texas and John Doe Company ("Defendants") for multiple reasons. First is the practice of sending texts using an ATDS. Second is the Defendants' practice of texting consumers on the National Do Not Call List. Third is to obtain damages and other redress caused by Defendant's conduct in violation of The Texas Consumer Telephone Protection Act ("TCPA"), as well as Texas Business & Commerce Codes 305.053 ("TX 305"). Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## PARTIES

Plaintiff is an individual who resides in Dallas County, Texas and was in Dallas County for all texts in this case. Defendant is a part of a corporation organized and existing under the laws of the State of California whose primary place of business and corporate headquarters is located at 200 Oceangate, Suite 100. Long Beach, CA 90802. Defendant's Registered Agent is Corporation Service Company DBA CSC – Lawyers INCO and can be served at 211 E 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION & VENUE

The Court has subject matter jurisdiction under 28 U.S.C § 1331, because the case arises under the

TCPA, 47 U.S.C. § 227. This court has supplemental subject matter jurisdiction over Plaintiff's claims arising under the TX 305. Plaintiff also makes claims under § 64.1200(d).

## FACTS

1. TX 305 has an analogous portion that is related to the TCPA and was violated in this case. It makes it illegal to text or call a mobile phone for the purposes of solicitation if the caller knows, or should know, that the number called is a cell phone. It states that "(a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: $500 for each violation; or... If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of: $1,500 for each violation;".

2. Section 227(c) prohibits "any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in," the National Do Not Call List. 47 U.S.C. 227(c)(3)(F). Individuals have a private right to action "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater . . . ." 47 U.S.C. 227(c)(5)(B). If the Court finds that the defendant's violation was committed willfully or knowingly, the Court may treble plaintiffs award. 47 U.S.C. 227(c) (5).

3. 47 U.S.C. § 227(b)(1)(A) states that, "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. This includes calls or texts sent on behalf of another company.

4. Plaintiff has been on the National DNC list since 2011. He registered his number specifically to avoid texts like the ones sent on behalf of the Defendant. If the Plaintiff wants health insurance, which he already has through his wife's employment, he would go to Google. He would not respond to and buy it from texts like he received.

5.  47 CFR 64.1200(d)(2) requires that Defendant train their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy. The internal DNC policy should be available on demand. A DNC policy was requested of the Defendant, but was ignored.

6.  The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing texts to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.,* that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.

7.  *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prof. Act of 1991*, 27 FCC Rcd. 1830, 1844, 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ,S 13 (1995).

8.  The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574, 1 (2013).

9.  Courts throughout the country, including the Northern District Of Texas, have also come to a similar conclusion. An administrator of a vehicle service contract, "can still be liable under the TCPA

if the calls were made 'on behalf of' [the administrator]." *Horton v. Palmer Admin. Servs.*, 2021 U.S. Dist. LEXIS 256560 (N.D. Tex. 2021) quoting *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 132 (N.D. Tex. 2020) (quoting 47 U.S.C. § 227(c)(5)). See also *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 777 (N.D. Ill. 2014) (citing *In re Joint Pet. filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6582 ¶ 28 (2013) (finding that a "seller may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers.")

10. Plaintiff is the owner and customary user of a residential cellphone number ending in 3341. While it may be used for business purposes at times, that is irrelevant. "The TCPA addresses 'nuisance and invasion of privacy' in a variety of other non-residential contexts". It also "anticipates damages on an individual basis because the contemplated plaintiff is an individual natural person or business with a limited number of phone lines on which it might receive telemarketing calls." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 691 (5th Cir. 2021). The phone number is not even registered to the Plaintiff's business either.

11. At no time did Plaintiff ever provide his cellphone number to Defendants or provide Defendants, or any of Defendants' agents or contractors, with any kind of written or verbal prior express consent to text the Plaintiff.

12. Plaintiff was texted by 888-919-1795 twice on Jan 7th, 2025, and on Jan 15th, 2025. The message claimed that the Plaintiff's 2025 healthcare plan may require attention and to call 888-201-0773.

13. The Plaintiff was texted by 866-884-3286 on Nov 21, 2024 with a message saying that open enrollment has begun and to call 888-408-9110.

14. Plaintiff was texted by 833-591-0256 on Sept 11, 2025 saying that your healthcare policy was eligible for renewal and to call 888-452-1606.

15. All texts were sent using an ATDS, as evidenced by:

- The generic content of the messages – the almost identical texts do not address the Plaintiff by name so it can be sent to thousands of people at once without having to customize each message.
- That there was no relationship between the parties whatsoever.
- That incoming text messages are not monitored or are fake numbers. Plaintiff texted 833-591-0256 and received an auto reply from someone who sells, "homes on Liberty Point".,
- The number of texts sent over such a short time period, once even twice in 1 day.

16. All texts solicited the Plaintiff to call a phone number to enroll in a health insurance plan and had some message about open enrollment ending soon, or some other offer about health insurance.

17. There was no identifying information in the texts as required by the TCPA. As a result, Plaintiff had no idea who was behind the texts and was forced to purchase whatever was being sold to identify who was behind the texts.

18. On April 1, 2025, Plaintiff called 888-201-0773 and bought a Molina policy with a payment confirmation # of 52762888 for $39.70.

19. The policy was sold by a man named Julien Rivera, whose email was julien@coverageassociate.com, and the domain is not a valid website.

20. Plaintiff called both 888-408-9110 and 888-452-1606 and it was answered by Mr. Rivera and someone who sounded like they were in the same call center.

21. Mr. Rivera did not offer any of the plans sold on the Marketplace. He only offered a Molina plan. Nor did he ask the necessary questions for purchasing insurance on the marketplace. The household income is required and Mr. Rivera only asked for mine. So, the subsidy I was given is incorrect and if the Plaintiff actually kept the insurance, he would have had to repay the subsidy he

received when he filed his taxes next year. So, he was obviously just trying to sell a Molina healthcare plan at all costs.

22. After purchasing the policy, the Plaintiff received an email from Mr. Rivera with a copy of his receipt from Molina.

23. Prior to receiving the above-referenced texts, Plaintiff had no relationship with Defendants, had never provided his telephone number directly to Defendants, and had never requested that Defendants place texts to him or to offer him any products or services.

### FACTUAL ALLEGATIONS

24. All of the texts at issue were made by the Defendants or on their behalf.

25. Numerous courts have recognized the damages that robocalls and texts can cause. Wasted time, harassment, invasion of privacy, intrusion on seclusion, emotional distress, intrusion upon and occupation of the phone, and causing the risk of personal injury because of distraction and interruption are all harm I suffered as a result of these texts. These texts also cause the use of plan texts as well as battery depletion and the resulting energy costs required to recharge the phone. The Plaintiff is a small business owner who relies on the telephone to conduct business and has no choice but to at least look at every call or text he receives. It is almost always a waste a time though as the vast majority of them are spam calls or texts made with an ATDS. Not only is this annoying, but these calls and texts are at the expense of the Plaintiff's productivity at work.

26. Furthermore, John Doe Company, at the direction of the Defendant, sent the texts knowing that they trespassed against and interfered with Plaintiff's use and enjoyment of, the ability to access his telephone, including the related data, software, applications, and hardware components. As such, Defendant not only invaded the personal privacy of Plaintiff, they also intentionally, repeatedly, and willfully violated the TCPA.

27. In response to Defendant's unlawful conduct, Plaintiff files the lawsuit and seeks an

injunction requiring Defendant and its proxies to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

### FIRST CAUSE OF ACTION FOR THE TEXTS
### Violation of 47 U.S.C. § 227(b)(1)(A)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. Using an ATDS, the Defendants, texted the Plaintiff without the Plaintiff's consent, knowledge, and for its benefit without having any consent to do so from the Plaintiff. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 per call in a civil fine for the offense. However, in light of Defendant's willful nature of the offense, treble damages of $1500 are more than appropriate under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct.

### SECOND CAUSE OF ACTION FOR THE TEXTS
### Violation of 47 U.S.C.. § 227(c)(3)(F)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. The Plaintiff has been on the National Do Not Call List since 2011 because he does not want to be called or texted by entities who do not have his permission. As a result of the texts sent by the Defendants, the Plaintiff is entitled to recover $500 in a civil fine for each offense under 227(c)(3)(5)(B). However, in light of Defendant or its proxies' willful nature of the offense, treble damages of $1500 are more than appropriate.

### THIRD CAUSE OF ACTION FOR THE TEXTS
### Violation of § 64.1200(d)(1)
### Failure to Maintain Written Telemarketing Policy

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(1) requires that the Defendant and people texting or calling on their behalf have a written telemarketing policy. The Plaintiff requested an internal DNC policy directly from Molina via their website. It was

never supplied. Plaintiff is entitled to an award of at least $500 in damages for each violation under 47 U.S.C. § 227(c)(5)(B). However, in light of the willful behavior shown by the Defendant or its proxies', as well as the nature of the offense, treble damages of $1500 are more than appropriate.

### FOURTH CAUSE OF ACTION FOR THE TEXTS
### Violation of TX 305
### Texas State TCPA Law

Defendants made numerous non-emergency telemarketing texts to Plaintiff's phone without his prior express consent in violation of 47 U.S.C. 227 et seq. Defendant violated 47 U.S.C. 227(d), 47 U.S.C. 227(d)(3), and 47 U.S.C. 227(e) by using an ATDS that does not comply with the technical or procedural requirements under this subsection. The Tx 305 creates a private right of action for "a person who receives a communication that violates U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication .... " Tex. Bus. & Com. Code § 305.053(a). Therefore, the elements of a TX 305 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021). Plaintiff is entitled to an award of $500 in damages for each violation under § 305.053(b)(1). Plaintiff also requests the Court award treble damages of $1500 based on Defendants knowing and/or intentional violations under §305.053(c)(1) and their proven and willful disregard for the TCPA. Plaintiff also seeks a permanent injunction requiring Defendant to cease placing illegal telemarketing texts.

### FIFTH CAUSE OF ACTION FOR THE TEXTS
### Violation of 47 CFR § 64.1200(d)(4)
### Failure to Provide Identifying Information

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(4) requires that Defendants provides the texted party with the name of the individual texter or the

name of the person or entity on whose behalf the text is being made. The Defendants did not fulfill this requirement, which was why the Plaintiff had to click the link and call to buy a policy. Plaintiff is entitled to an award of $500-1500 in damages for each violation. 47 U.S.C. § 227(c)(5)(B). Plaintiff seeks treble damages of $1500 per call as the Defendant has displayed willful behavior in its TCPA violations. Plaintiff also seeks a permanent injunction requiring Defendants to provide their identifying information when making telemarketing texts.

### Prayer For Relief

WHEREFORE, Plaintiff Lucas Horton prays for judgment against the Defendant as follows:

A.   An injunction enjoining the Defendants and their affiliates from engaging in the unlawful conduct set herein;

B.   An award of $1500 per text for Causes of Action 1-5 for the 13 texts received by the Plaintiff.

C.   A full refund of the premium not refunded by the Defendants.

D.   An award to the Plaintiff of interest, costs and attorney's fees, as allowed by law and equity and such further relief as the Court deems necessary, just, and proper.

### Demand For Jury Trial

Please take notice that the Plaintiff demands a jury trial in this case

Dated: 5/13/2025            Respectfully submitted,

*/s/ Lucas Horton*

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lucas Horton

### DEFENDANTS
Molina Healthcare of Texas, Inc

**(b)** County of Residence of First Listed Plaintiff: **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **California**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lucas Horton, pro se litigant
1202 Stratford Dr, Richardson, Tx 75080 214 909 3341

Attorneys *(If Known)*
Joseph Griffith
Joseph.Griffith@gtlaw.com

RECEIVED MAY 13 2025 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [x] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
TCPA violations of making calls with an ATDS to a consumer on the DNC list

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 97,500
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/13/2025
SIGNATURE OF ATTORNEY OF RECORD: Lucas Horton, pro se plantiff

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____